# MEMORANDA

# CASES NOT REPORTED IN FULL.

EUGENIA A. RICE, Appellant, v. HETTY J. BARRETT
AND OTHERS.

JOHN J. MURRAY, JOHN PHELAN AND ANDREW
MANDER, Purchasers, Respondents.

*Judicial sale—defective service upon an infant—when a judgment entered upon it may be made binding upon the infant by a subsequent judgment — when a purchaser will be compelled to accept a title.*

APPEAL from an order denying a motion to compel purchasers to complete their purchase. The action was brought for the partition of certain real estate in the city of Brooklyn.

The court, at General Term, said : " We think that when the motion was made, that the respondents should be compelled to complete their purchases, a good merchantable title was tendered to them and that the motion should therefore have been granted. It seems that the suit had been commenced and had proceeded to trial upon the merits, and an interlocutory judgment for sale entered and sale had thereunder, when it was discovered that the service upon the infants, who had appeared by their several guardians *ad litem,* was defective, and accordingly measures were taken to cure the defect, which were acquiesced in so far as appears by the respondents. Proceedings were stayed, leave granted to file a supplemental complaint and the infants duly served and brought in as defendants. By this proceeding the court properly acquired jurisdiction.

"A new trial was had, and it appearing to the court that it was for the best interest of the infants to decree that the prior sale should be valid and effectual, such a decree was entered. It was clearly competent for the court to render such a judgment. In effect the case was reheard, and a judgment rendered binding the parties

thereto by the interlocutory judgment and sale. The proceeding was not only within the powers of the court, but the course taken was eminently proper and no one has been prejudiced thereby. It is conceded that the court had jurisdiction of the parties, but it claimed that the decree was irregular and void, and that it was necessary to vacate the first sale and interlocutory judgment, enter a new judgment for sale and sell thereunder. Now, the first judgment and sale was valid and binding upon every one, except the infants ; and the last decree was entered simply for the purpose of making it binding upon them, and we are satisfied that such a result was wisely and properly accomplished."

*Joshua M. Van Cott,* for the appellant.

*August C. Hockmeyer,* for John Phelan, respondent.

*John H. Bergen,* for Andrew Mander, respondent.

*Boardman & Boardman,* for John J. Murray, respondent.

Opinion by PRATT, J. ; DYKMAN, J., concurred ; BARNARD, P. J., dissented.

Order reversed, with costs and disbursements.